# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOHN H. ELLIOTT; and SARAH ANN ELLIOTT and SUSAN M. ELLIOTT, co-successor trustees of The Ann M. Elliott Trust - 1999, dated February 26, 1999;<br><br>Plaintiffs,<br><br>vs.<br><br>RENWOOD PROPERTIES, INC., a foreign corporation; CHRISTOPHER R. WOOD; and MILL PARK TOWNHOMES INVESTMENT LIMITED PARTNERSHIP, a foreign limited partnership;<br><br>Defendants. | NO.<br><br>COMPLAINT<br><br>(Breach of Limited Partnership Agreement and Violation of Limited Partnership Statute; Limited Partnership Accounting, Winding Up, and Dissolution) |

Plaintiffs JOHN H. ELLIOTT, SARAH ANN ELLIOTT and SUSAN M. ELLIOTT (collectively "Plaintiffs") allege as follows:

Donald G. Grant, P.S.
Attorneys and Counselors at Law
2005 SE 192nd Avenue
Suite 200
Camas, WA 98607
TEL: (360) 210-5000
CELL: (360) 907-3094
E-MAIL: don@dongrantps.com

ELLJ001.COM.wpd
COMPLAINT - 1

I. <u>IDENTIFICATION OF PARTIES</u>.

1.1    Plaintiff JOHN H. ELLIOTT is an individual residing in Polk County in the state of North Carolina.

1.2    Plaintiff SARAH ANN ELLIOTT is an individual residing in the state of Rhode Island and serves as the co-successor trustee of The Ann M. Elliott Trust - 1999, dated February 26, 1999.

1.3    Plaintiff SUSAN M. ELLIOTT is an individual residing in the state of Montana and serves as the co-successor trustee of The Ann M. Elliott Trust - 1999, dated February 26, 1999.

1.4    Defendant MILL PARK TOWNHOMES INVESTMENT LIMITED PARTNERSHIP is a limited partnership organized under the laws of the state of Massachusetts with its principal place of business located in Multnomah County, Oregon, and constitutes a "foreign limited partnership" as defined in ORS 70.005(10).

1.5    Defendant RENWOOD PROPERTIES, INC., is a Delaware corporation registered to do business in the state of Oregon at 2211 NW Front Avenue, Suite 301, Portland, Multnomah County, Oregon 97209, and serves as a general partner of Defendant MILL PARK TOWNHOMES INVESTMENT LIMITED PARTNERSHIP as defined in ORS 70.005(13).

1.6    Defendant CHRISTOPHER R. WOOD is an individual residing in Multnomah County, Oregon, and serves as a general partner of Defendant MILL

Donald G. Grant, P.S.
Attorneys and Counselors at Law
2005 SE 192nd Avenue
Suite 200
Camas, WA 98607
TEL: (360) 210-5000
CELL: (360) 907-3094
E-MAIL: don@dongrantps.com

ELLJ001.COM.wpd
COMPLAINT - 2

PARK TOWNHOMES INVESTMENT LIMITED PARTNERSHIP as defined in ORS 70.005(13) and the president of Defendant RENWOOD PROPERTIES, INC.

## II. BACKGROUND FACTS.

2.1     On or about February 27, 1991, Defendant MILL PARK TOWNHOMES INVESTMENT LIMITED PARTNERSHIP filed its Certificate of Limited Partnership with the state of Massachusetts.  Attached hereto as **Exhibit "A"** is a true copy of the Certificate of Limited Partnership.  In its Business Entity Annual Report filed with the state of Massachusetts on October 5, 2020, Defendant MILL PARK TOWNHOMES INVESTMENT LIMITED PARTNERSHIP listed its principal place of business as Renwood Properties, Inc., 2211 NW Front Avenue, Suite 301, Portland, Multnomah County, Oregon 97209.  Attached hereto as **Exhibit "B"** is a true copy of the Business Entity Annual Report.

2.2     In or about January 1991, Defendant MILL PARK TOWNHOMES INVESTMENT LIMITED PARTNERSHIP prepared its initial Limited Partnership Agreement listing Richard R. Wood as the "Individual General Partner" and Defendant RENWOOD PROPERTIES, INC., as the "Managing General Partner."  Attached hereto as **Exhibit "C"** is a true copy of the unexecuted Limited Partnership Agreement. Richard R. Wood was deceased in 2013 with his son, Defendant CHRISTOPHER R. WOOD, assuming the position as

ELLJ001.COM.wpd
COMPLAINT - 3

Donald G. Grant, P.S.
Attorneys and Counselors at Law
2005 SE 192nd Avenue
Suite 200
Camas, WA 98607
TEL:  (360) 210-5000
CELL: (360) 907-3094
E-MAIL: don@dongrantps.com

"Individual General Partner" at that point.

2.3  On or about January 1, 2021, Defendant RENWOOD PROPERTIES, INC., Defendant CHRISTOPHER R. WOOD, and Defendant MILL PARK TOWNHOMES INVESTMENT LIMITED PARTNERSHIP drafted an amendment to the Limited Partnership Agreement with the Mill Plain Townhomes Investment Limited Partnership First Amended and Restated Agreement of Limited Partnership (herein "Restated LP Agreement").  The Restated LP Agreement specifically added Plaintiff JOHN H. ELLIOTT and The Ann M. Elliott, Trustee of The Ann M. Elliott Trust - 1999, as amended, as limited partners.  However, Ann M. Elliott was previously deceased as of November 26, 2020, and Plaintiff JOHN H. ELLIOTT never executed the Amended LP Agreement.  A true copy of unexecuted Restated LP Agreement is attached hereto as **Exhibit "D".**  Plaintiff JOHN H. ELLIOTT and Ann M. Elliott had originally invested funds in the amount of $84,000 each into Mill Park Townhomes Investment for their initial capital contribution starting in approximately 1991 and, at that point, they had become limited partners. Plaintiffs have not located an executed copy of the Limited Partnership Agreement nor the Restated LP Agreement. By reason of the purported terms of the Restated LP Agreement, the limited partners were Defendant CHRISTOPHER R. WOOD, Plaintiff JOHN H. ELLIOTT, and Ann M. Elliott, Trustee of The Ann Elliott Trust - 1999, in equal 1/3 shares in Defendant MILL

Donald G. Grant, P.S.
Attorneys and Counselors at Law
2005 SE 192nd Avenue
Suite 200
Camas, WA 98607
TEL: (360) 210-5000
CELL: (360) 907-3094
E-MAIL: don@dongrantps.com

ELLJ001.COM.wpd
COMPLAINT - 4

PARK TOWNHOMES INVESTMENT LIMITED PARTNERSHIP.

2.4   Ann M. Elliott, deceased, died on November 26, 2020. Plaintiffs SARAH ANN ELLIOTT and SUSAN M. ELLIOTT serve as co-successor trustees of The Ann M. Elliott Trust - 1999, dated February 26, 1999.   Attached hereto as **Exhibit "E"** are true copies of the Acceptance of Successor Trustee dated January 19, 2021, for Plaintiff SUSAN M. ELLIOTT and dated December 18, 2020, for Plaintiff SARAH ANN ELLIOTT.

2.5   Defendant RENWOOD PROPERTIES, INC., and Defendant CHRISTOPHER R. WOOD invested funds of Defendant MILL PARK TOWNHOMES INVESTMENT LIMITED PARTNERSHIP into Mill Park Townhomes Limited Dividend Housing Association Limited Partnership (herein "Mill Park DHA LP") located in the state of Michigan. Attached hereto as **Exhibit "F"** is a true copy of the Department of Licensing and Regulatory Affairs Certificate with the state of Michigan for Mill Park DHA LP.  Neither Defendant CHRISTOPHER R. WOOD, Defendant MILL PARK TOWNHOMES INVESTMENT LIMITED PARTNERSHIP, nor Defendant RENWOOD PROPERTIES, INC., provided any information or documentation to Plaintiffs pertaining to this project prior to this investment.

2.6   On July 27, 2022, Plaintiffs, by and through their legal counsel, sent written correspondence to Defendants referencing the sale of the investment properties of Mill Park DHA LP in the state of Michigan, but indicated

Donald G. Grant, P.S.
Attorneys and Counselors at Law
2005 SE 192nd Avenue
Suite 200
Camas, WA 98607
TEL:  (360) 210-5000
CELL: (360) 907-3094
E-MAIL: don@dongrantps.com

ELLJ001.COM.wpd
COMPLAINT - 5

that no documentation had been provided by Defendants pertaining to this investment and sale. In addition, the correspondence requested certain documentation from Defendants: "(1) Limited Partnership Agreement and any amendments or restatements thereto (signed by the parties); (2) Purchase and Sale Agreement for Mill Park I and Mill Park II [of Mill Park DHA LP] including all addenda or amendments thereto (signed by the parties); (3) Financial statements (Profit & Loss / Income Statements (2015 to current); and (4) Tax returns (federal and state including Form 1065 and Schedule K-1s)(2015 to current)." A true copy of the correspondence dated July 27, 2022, is attached hereto as **Exhibit "F".**

2.7   On July 29, 2022, Defendant CHRISTOPHER R. WOOD responded to the correspondence via telephone and promised to provide Plaintiffs with certain documentation. Attached hereto as **Exhibit "G"** is a true copy of an email dated July 29, 2022, from Plaintiff's counsel to him which stated: " Per our discussion, I understand that you will search for signed copies of both limited partnership agreements (Massachusetts and Michigan), the purchase and sale agreement of the Michigan properties, closing statements for the Michigan properties, and the other documentation listed in my letter dated July 27, 2022, to you."

2.8   Between July 29, 2022, and August 8, 2022, Defendant CHRISTOPHER R. WOOD exchanged emails with Plaintiffs' counsel, but did not

Donald G. Grant, P.S.
Attorneys and Counselors at Law
2005 SE 192nd Avenue
Suite 200
Camas, WA 98607
TEL:  (360) 210-5000
CELL: (360) 907-3094
E-MAIL: don@dongrantps.com

ELLJ001.COM.wpd
COMPLAINT - 6

produce the requested documentation. Attached hereto as **Exhibit "H"** are true copies of those emails.

2.9   On between August 9, 2022, and September 15, 2022, Plaintiffs' counsel engaged in email discussions with Defendant CHRISTOPHER R. WOOD and Joseph Hollander, a representative of Mill Park Townhomes DHA LP, about the putative sale of the investment properties in Michigan. Mr. Hollander declined to provide information or documentation to Plaintiffs, but stated that "I am confident that we can tie this up by the end of August." However, Defendant CHRISTOPHER R. WOOD failed to responsively provide any information. Attached hereto as **Exhibit "I"** are copies of these emails.

2.10   Joseph Hollander confirmed that he transmitted the closing documentation and final distribution to Defendant CHRISTOPHER R. WOOD during the week of October 15, 2022. On October 20, 2022, Plaintiffs' counsel sent another email to Defendant CHRISTOPHER R. WOOD: "I understand that Mr. Hollander has re-sent the final distribution documentation to you this week. Could you please email me a copy of the documentation and call me tomorrow to discuss?" Attached hereto as **Exhibit "J"** is a true copy of the email dated October 20, 2022.

2.11   On November 17, 2022, Defendant CHRISTOPHER R. WOOD finally talked with Plaintiffs' counsel on the telephone and represented that Joe Hollander had sent him an initial distribution of $1.2 million and a preliminary

ELLJ001.COM.wpd
COMPLAINT - 7

Donald G. Grant, P.S.
Attorneys and Counselors at Law
2005 SE 192nd Avenue
Suite 200
Camas, WA 98607
TEL: (360) 210-5000
CELL: (360) 907-3094
E-MAIL: don@dongrantps.com

accounting, but that he was awaiting a final distribution of less than $100,000 and a final accounting of the project and additionally "you stated that you had deposited the $1.2 million distribution into the limited partnership financial account.  As I requested, please email me today a copy of the $1.2 million distribution check and deposit receipt into the limited partnership account and the preliminary accounting from Joe Hollander."  A true copy of the email dated November 17, 2022, is attached hereto as **Exhibit "K."**

2.12   As of December 12, 2022, Defendants have not provided any of the requested documentation nor provided Plaintiffs with any distribution of their share of the limited partnership funds in an amount not less than Eight Hundred Thousand ($800,000).

## III.  FIRST CLAIM FOR RELIEF

**(Breach of Contract and Violation of Statutory Duties:
Production of Partnership Documentation)**

3.1   Plaintiffs reallege the allegations in paragraphs 1.1 through 2.12 herein and incorporate them by this reference.

3.2   Pursuant to ORS 70.145, Plaintiffs are entitled to obtain from the general partners, Defendant CHRISTOPHER R. WOOD and Defendant RENWOOD PROPERTIES, INC., as well as Defendant MILL PARK TOWNHOMES INVESTMENT LIMITED PARTNERSHIP copies of: "(a) true and full information regarding the state of the business and financial condition of the limited partnership, (b) a copy of the limited partnership's federal, state and local

ELLJ001.COM.wpd
COMPLAINT - 8

Donald G. Grant, P.S.
Attorneys and Counselors at Law
2005 SE 192nd Avenue
Suite 200
Camas, WA 98607
TEL:  (360) 210-5000
CELL: (360) 907-3094
E-MAIL: don@dongrantps.com

income tax returns for each year promptly after they become available; and (c) other information pertaining to the affairs of the limited partnership as is just and reasonable." In addition, pursuant to ORS 70.050, Plaintiffs are entitled to copies of records required by statute to be maintained at its principal office.

3.3     Section 11.1(a) of Article 11 of the Restated LP Agreement states: "Any Partner or its duly authorized representative shall have the right at any time to inspect and copy from such books and documents during normal business hours upon reasonable notice." Section 11.1(b) additionally states:

> As soon as practicable after the close of each fiscal year but in no event later than April 30 of the next succeeding year, the Managing General Partner shall cause to be delivered to the Limited Partners financial statements of the Partnership for such fiscal year which shall include a balance sheet, a profit and loss statement and a report by the Managing General Partner showing distributions to the Partners and allocations to the Partners of Partnership taxable income, losses, deductions, credits and items of tax preference.

3.4     Defendants have violated ORS 70.145 and 70.050 and breached Section 11 of the Partnership Agreement by failing to provide this documentation to Plaintiffs including documentation originally requested on July 27, 2022, by Plaintiffs. Plaintiffs are entitled to bring an action against Defendants pursuant to ORS 67.160 for their breach of the partnership agreement, violation of their statutory duties to the limited partners, and to enforce their rights as limited partners.

3.5     Plaintiffs are entitled to the entry of an order requiring Defendants

ELLJ001.COM.wpd
COMPLAINT - 9

Donald G. Grant, P.S.
Attorneys and Counselors at Law
2005 SE 192nd Avenue
Suite 200
Camas, WA 98607
TEL:  (360) 210-5000
CELL: (360) 907-3094
E-MAIL: don@dongrantps.com

to produce and provide this documentation.

## IV. SECOND CLAIM FOR RELIEF

**(Breach of Contract and Violation of Statutory Duties: Partnership Distributions)**

4.1    Plaintiffs reallege the allegations in paragraphs 1.1 through 3.5 herein and incorporate them by this reference.

4.2    Article X of the Restated LP Agreement provides that the "profit and losses of the Partnership shall be determined for each fiscal year . . . and shall be allocated to the Partners on a monthly basis, or such shorter as the Managing Partner determines in its sole discretion."  Section 10.3 requires the allocation of profits, losses, and tax credits, Section 10.4 the apportionment of allocations and distributions, and Section 10.7 the allocation and time for making such distributions to the Limited Partners.  Plaintiffs are, at a minimum, entitled to the return of their capital contributions in the amount of $84,000 each, but Plaintiffs believe that they are entitled to the total amount of $800,000 in distributions from Defendant MILL PARK INVESTMENT LIMITED PARTNERSHIP.

4.3    Defendants have failed to comply with these provisions of Article X of the Restated LP Agreement.

4.4    ORS 70.235 and 70.240 require the profits and losses and distribution of cash or other assets of a limited partnership to be allocated among the partners in the manner provided by the partnership agreement.

ELLJ001.COM.wpd
COMPLAINT - 10

Donald G. Grant, P.S.
Attorneys and Counselors at Law
2005 SE 192nd Avenue
Suite 200
Camas, WA 98607
TEL:  (360) 210-5000
CELL: (360) 907-3094
E-MAIL: don@dongrantps.com

4.5     Defendants have violated ORS 70.235 and 70.230 and breached Article X of the Partnership Agreement by failing to make distributions to Plaintiffs. Plaintiffs are entitled to bring an action against Defendants pursuant to ORS 67.160 for their breach of the partnership agreement, violation of their statutory duties to the limited partners, and to enforce their rights as limited partners.

4.6     Plaintiffs are entitled to the entry of an order requiring Defendants to make these distributions to them.

## V.  THIRD CLAIM FOR RELIEF

**(Contractual and Statutory Partnership Accounting, Winding Up, and Dissolution)**

5.1     Plaintiffs reallege the allegations in paragraphs 1.1 through 4.6 herein and incorporate them by this reference.

5.2     Section 2.4 of the Limited Partnership Agreement establishes a dissolution date of December 31, 2050, "except that the Partnership shall be dissolved prior to such date upon the happening of any of the following events: (a) The sale or other disposition of all or substantially all of the assets of the Partnership . . . (d) the determination by a majority of the Limited Partners that the Partnership be dissolved in accordance with the laws of the State."

5.3     ORS 70.325 provides that a limited partnership is dissolved and its affairs shall be wound up when the first of any of the following events occurs: . . . (2) upon the happening of events specified in writing in the partnership

ELLJ001.COM.wpd
COMPLAINT - 11

Donald G. Grant, P.S.
Attorneys and Counselors at Law
2005 SE 192nd Avenue
Suite 200
Camas, WA 98607
TEL:  (360) 210-5000
CELL: (360) 907-3094
E-MAIL: don@dongrantps.com

agreement; (3) by the vote or such other action of the partners as is provided in writing in the partnership agreement, . . . (5) entry of a judgment or judicial order of involuntary dissolution under ORS 70.330."

5.4    ORS 70.330 also permits the dissolution of a limited partnership "whenever it is not reasonably practicable to carry on the business in conformity with the partnership agreement."

5.5    Defendant MILL PARK INVESTMENT LIMITED PARTNERSHIP sold its sole asset and investment in Mill Park DHA LP earlier in 2022 which constituted all or substantially all of its assets.  Additionally, Plaintiffs, as a majority of the limited partners, wish that Defendant MILL PARK INVESTMENT LIMITED PARTNERSHIP be dissolved pursuant to Section 2.4 of the Restated LP Agreement and ORS 70.325.

5.6    Pursuant to ORS 67.155(4), Defendant CHRISTOPHER R. WOOD and Defendant RENWOOD PROPERTIES, INC., have a duty to discharge their duties consistent with the "obligation of good faith and fair dealing," and, in failing to comply with the statutory and contractual provisions set forth herein, have breached their duty of good faith and fair dealing with Plaintiffs.

5.7    At this point and as result of the facts set forth herein, the business of Defendant MILL PARK INVESTMENT LIMITED PARTNERSHIP is not reasonably practicable to carry on in conformity with the Restated LP Agreement.

Donald G. Grant, P.S.
Attorneys and Counselors at Law
2005 SE 192nd Avenue
Suite 200
Camas, WA 98607
TEL:  (360) 210-5000
CELL: (360) 907-3094
E-MAIL: don@dongrantps.com

ELLJ001.COM.wpd
COMPLAINT - 12

5.8    Plaintiffs are entitled to an accounting of the business and assets of Defendant MILL PARK INVESTMENT LIMITED PARTNERSHIP, the winding up of the partnership affairs, and the entry of a judgment or order of dissolution.

WHEREFORE, Plaintiffs pray the court for judgment as follows:

1.    The entry of an order or judgment for breach of contract and violation of statutory duties requiring Defendants to produce partnership documentation to Plaintiffs as required by ORS Title 70 and the Restated LP Agreement;

2.    The entry of an order or judgment for breach of contract and violation of statutory duties requiring Defendants to make distributions to Plaintiffs as required by ORS Title 70 and the Restated Limited Partnership Agreement in the total amount of $800,000 to Plaintiffs;

3.    The entry of an order or judgment against Defendants pursuant to ORS Title 70 and the Restated Partnership Agreement requiring Defendant to provide a full accounting, the winding up of the business affairs of Defendant MILL PARK INVESTMENT LIMITED PARTNERSHIP, and the dissolution of the limited partnership;

4.    The entry of judgment for damages against Defendants for their breach of the duty of good faith and fair dealing pursuant to ORS 67.155(4) in amounts to be proven at trial; and

Donald G. Grant, P.S.
Attorneys and Counselors at Law
2005 SE 192nd Avenue
Suite 200
Camas, WA 98607
TEL:  (360) 210-5000
CELL: (360) 907-3094
E-MAIL: don@dongrantps.com

     5.     The award of reasonable attorney's fees, costs and disbursements against Defendants as permitted by limited partnership law; and

     6.     The entry of such other relief as the court deems just and equitable for Plaintiffs.

DATED: December 13, 2022.

/s/ Donald G. Grant
DONALD G. GRANT, OSB NO. 860417
Of Counsel for Plaintiffs John H. Elliott,
Sarah Ann Elliott, and Susan M. Elliott

ELLJ001.COM.wpd
COMPLAINT - 14

Donald G. Grant, P.S.
Attorneys and Counselors at Law
2005 SE 192nd Avenue
Suite 200
Camas, WA 98607
TEL: (360) 210-5000
CELL: (360) 907-3094
E-MAIL: don@dongrantps.com